# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>T-Mobile Account associated with<br>phone number 760-556-4206 | )<br>)<br>) Case No.  '25 MJ4474<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the _____ District of  New Jersey  , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC Sec. 952 and 960 | Importation of a Controlled Substance |
| 21 USC Sec. 963 | Conspiracy to Import |

The application is based on these facts:

See Attached Affidavit, incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

EVAN A CONDE  *Digitally signed by EVAN A CONDE*
*Date: 2025.08.17 19:29:25 -07'00'*

*Applicant's signature*

Evan Conde, HSI Special Agent

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone  *(specify reliable electronic means)*.

Date:  **Aug 18, 2025**

*Judge's signature*

City and state:  San Diego, California    Hon. Barbara L. Major, United States Magistrate Judge

*Printed name and title*

# AFFIDAVIT

I, Special Agent Evan Conde, being duly sworn, hereby state as follows:

## INTRODUCTION

1. This affidavit is in support of an application by the United States of America for a search warrant for T-Mobile, 4 Sylvan Way, Parsippany, NJ 07054, as described in **Attachment A**, to search the account associated with the following cellular telephone number:

**760-556-4206 (believed to be used by Defendant)**

("**Subject Account**")

the **Subject Account** for cell-site geolocation data from October 22, 2024 through and including October 24, 2024, and January 19, 2025 through and including February 2, 2025. There is probable cause that these records and information constitute evidence, fruits, and instrumentalities of violations of federal criminal law, namely, Title 21, United States Code, Sections 952, 960, and 963 as described in Attachment B.

2. The requested warrant relates to the investigation and prosecution of Abel GONZALEZ Olivera ("Defendant") for importing approximately 53.84 kilograms (118.69 pounds) of Methamphetamine from Mexico into the United States. This affidavit and application are sought pursuant to Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703(a), which applies to providers of electronic communication services. In this case, as will be shown below, T-Mobile provides electronic communication services in the form of cellular and wireless telephone service for **Subject Account**.

3. The facts and conclusions set forth in this affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation; my review of documents and records related to this investigation; communications with others who have personal knowledge of the events, details, and circumstances described herein; and information gained through my training, experience, and communications with colleagues. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant,

it does not set forth each and every fact that I or others have learned during the course of this investigation. Dates, times, and amounts are approximate

## BACKGROUND

4. I have been employed as a Special Agent with Homeland Security Investigations (HSI) since December 2023. I am currently assigned to the HSI Office of the Deputy Special Agent in Charge, in San Ysidro, California. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia.

5. During my tenure with HSI, I have participated in the investigation of various narcotics trafficking organizations involved in the importation and distribution of controlled substances into and through the Southern District of California. Through my training, experience, and conversations with other law enforcement officers experienced in narcotics trafficking investigations, I have gained a working knowledge of the operational habits of narcotics traffickers, in particular those who attempt to import narcotics into the United States from Mexico at Ports of Entry.

## FACTS SUPPORTING PROBABLE CAUSE

6. On February 2, 2025, at approximately 11:34 PM, Abel GONZALEZ Olivera, ("GONZALEZ"), a Mexican Citizen, applied for entry into the United States from Mexico through the Otay Mesa POE in vehicle lane #10. GONZALEZ was the driver, sole occupant, and registered owner of a 1996 Toyota 4Runner ("the vehicle") bearing California license plates.

7. A Customs and Border Protection Officer ("CBPO") was conducting pre-primary operations on the vehicle primary lanes in Otay Mesa Port of Entry. In pre-primary, the CBPO, using an inspection mirror, noticed GONZALEZ's spare tire did not match the other tires on the 4Runner. The CBPO then felt the tire was unusually solid. GONZALEZ twice told that CBPO that he had nothing to declare. Further, GONZALEZ said he was going home to San Marcos, California. The CBPO referred the 4Runner for further inspection.

8. CBPOs ultimately discovered 113 packages in the front seats, back seats, and the spare tire of the 4Runner. The packages weighed approximately 116 pounds, and a sample of a package tested positive for methamphetamine.[1]

9. GONZALEZ was placed under arrest at approximately 11:58 p.m.

10. A CBPO found and seized GONZALEZ's cellular telephone from his pocket.

11. During a post-Miranda interview, GONZALEZ denied knowledge that the narcotics were in the 4Runner. GONZALEZ again stated that he was going to his home in San Marcos. GONZALEZ stated he generally stays in San Marcos during the week for work and returns to Tijuana during the weekend.

12. GONZALEZ was charged with a violation of Title 21, United States Code, 952 and 960, importation of a controlled substance.

13. The following day, on February 3, 2025, the Drug Enforcement Agency ("DEA") arrested an individual, Jose Luis Alvarez-Perez following a state, residential search warrant and investigation into Alvarez's involvement in narcotics distribution. During Alvarez's post arrest interview, he admitted shipping various packages with contraband throughout the United States. Of relevance, Alvarez claimed that on or about October 24, 2024, he packaged and shipped 9,000 fentanyl pills he got from GONZALEZ. Alvarez then claimed GONZALEZ smuggled the pills from Mexico in a spare tire. Alvarez provided DEA agents with a description of GONZALEZ as well as GONZALEZ's phone number—760-556-4206, **Subject Account**.

14. A subsequent administrative subpoena to T-Mobile revealed the phone was subscribed to GONZALEZ. Then through records checks, law enforcement determined the **Subject Account** was in contact with Alvarez 17 times between October 16 and November 26, 2024.

---

[1] On February 6, 2025 CBPOs discovered an additional 2 packages of methamphetamine behind the passenger seat weighing approximately 0.96 kilograms.

A sample was also sent to a Drug Enforcement Agency Laboratory where the substance was confirmed to be 100% pure methamphetamine.

15. TECS records further reflect that GONZALEZ had vehicle crossings prior to the date of his arrest on February 2, 2025, including in January and on October 23, 2024 (the day before Alvarez's fentanyl shipment).

16. Based upon my experience and investigation in this case and my experience investigating narcotics smugglers, I believe that data reflecting cell-site geolocation data for the **Subject Account** may identify the locations of GONZALEZ leading up to Alvarez's fentanyl shipment as well as before and leading up to the date of the event GONZALEZ was arrested for smuggling narcotics.

17. Based on my training and experience, and my consultation with other law enforcement officers, I am aware that T-Mobile routinely collects and stores data for the electronic communication accounts to which they and other providers issue telephone numbers. The data includes: (i) subscribers' contact and billing information; (ii) detailed information concerning subscribers' incoming and outgoing telephone calls; (iii) detailed information concerning subscribers' outgoing direct calls, text message, and SMS messages; and (iv) detailed information concerning cell-site geo-location data.

18. In particular, I know that cell phones connect to a provider's network through cell towers or cell sites. The particular tower or site may change as a phone moves from one location to another. Providers automatically record and retain this connection data as part of the subject accounts. Records and data identifying the towers or sites to which a phone connected therefore tend to identify the phone's and phone user's location at particular times.

 a. I also know that different providers use the speed with which signals travel between cell phones and cell towers, timing advance, as well as other data, to better calculate and record the location of phones accessing their networks. Different providers may use different terminology to describe PCMD. For example, AT&T has referred to the resulting location information as "NELOS" data; Verizon, as "Real Time Tool" or "RTT" data; Sprint, as PCMD; and T-Mobile, as "timing advance" data.

     b.    This application requests such per call measurement timing advance data for the **Subject Account** for the following date and time ranges:

- October 22, 2024, 12:00 AM, up to and including October 24, 2024, 11:59 PM; and
- January 19, 2025, 12:00 AM up to and including February 2, 2025, 11:59 PM.

19.    Given these facts, I seek a warrant to search the **Subject Account** for the records and information in Attachment B.

## PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE

20.    Pursuant to a search warrant (3:25-mj-0499-AHG), law enforcement attempted to obtain location data from GONZALEZ's cellular telephone between January 19, 2025 through February 2, 2025. The extraction, however, yielded limited data. Law enforcement has not previously attempted to obtain the evidence sought by this warrant for the October 2024 time frame.

## CONCLUSION

21.    Based on the facts and information set forth above, I submit there is probable cause to believe that a search of the **Subject Account** will yield evidence of Defendant's violations of Title 21, United States Code, Sections 952, 960 and 963. Accordingly, I request that the Court issue a warrant authorizing law enforcement to search the **Subject Account** item described in Attachment A, and seize the items listed in Attachment B.

EVAN A CONDE  
*Digitally signed by EVAN A CONDE*  
*Date: 2025.08.17 19:01:18 -07'00'*  
Special Agent Evan Conde  
Homeland Security Investigations

Subscribed and sworn to before me this ___ day of August, 2025.  
**Aug 18, 2025**

*Barbara L. Major*  
Hon. Barbara L. Major  
United States Magistrate Judge

## ATTACHMENT A

T-Mobile hosts the electronic communication account associated with the telephone number 760-556-4206 that is the subject of this search warrant and search warrant application.

T-Mobile is an electronic communication service provider whose primary computer information systems and other electronic communications and storage systems, records, and data are located at 4 Sylvan Way, Parsippany, NJ 07054.

ATTACHMENT B

**I.**  Service of Warrant

The officer executing the warrant shall permit the Provider in Attachment A, as custodian of the electronic files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer.

**II.**  Items to be Seized

Agents shall seize the following records, data, and information covering October 22, 2024 up to and including October 24, 2024, and January 19, 2025 up to and including February 2, 2025, and maintained by the Provider for the subject account identified in Attachment A:

a. Subscriber information, including:

i. Names;

ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

iii. Local and long-distance telephone connection records;

iv. Length of service (including start date) and types of service utilized;

v. Telephone or instrument numbers, including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii. Other subscriber numbers or identities; and

        viii. Means and source of payment (including any credit card or bank account number) and billing records.

b. Records and other information about past wire or electronic communications sent or received by the Target Device, including cell site locations and sectors for all outgoing and incoming voice, SMS, MMS, and Data communications.

which are evidence of violations of 21 U.S.C. §§ 952, 960, and 963.